SEND



# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES F. MC NULTY, JR., | Case No.   SA CV 01-395 DOC(ANx) |
| Plaintiff(s), | |
| v. | **O R D E R** SETTING SCHEDULING CONFERENCE FOR |
| TASER INTERNATIONAL, INC., et. al., | |
| Defendant(s). | October 1, 2001<br>at 8:30 a.m., Courtroom 9-D |
| | **READ IMMEDIATELY** |

    This action has been assigned to the calendar of Judge David O. Carter. The responsibility for the progress of litigation in the federal courts falls not only upon the attorneys in the action, but upon the Court as well. Accordingly, the Court issues this Order.

    In order "to secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, all counsel shall familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.* All civil actions or proceedings will be pretried according to Federal Rules of Civil Procedure 16 and 26 and applicable Local Rules.



RULE 26(f) CONFERENCE OF PARTIES

Counsel shall confer pursuant to Federal Rule of Civil Procedure 26(f). This conference shall occur at least twenty-one (21) days before the Scheduling Conference set by the Court.

RULE 26(f) REPORT

Within fourteen (14) days of the parties' Rule 26(f) conference and in no event later than seven (7) days before the Scheduling Conference set by the Court, the parties shall file their Rule 26(f) report with the Court. The report shall contain the following:

(1) a short factual summary of the case and of claims and defenses;

(2) a short synopsis of the principal issues in the case;

(3) a statement of whether parties are likely to be added and whether the pleadings are likely to be amended (counsel should note that the Court sets a deadline of ninety (90) days after the date the Scheduling Order is issued for the joinder of parties and the amendment of pleadings; any motions to join parties or for leave to amend must be filed within sixty (60) days of the day the Scheduling Order is issued to allow them to be determined prior to the 90-day deadline );

(4) a statement as to issues which any party believes may be determined by motion and a listing of then-contemplated law and motion matters;

(5) a statement of what settlement discussions have occurred and what settlement procedure is recommended, pursuant to Local Rule 23 (specifically excluding any statement of the terms discussed and specifically including, if mediation is chosen, the particular mediator who has been chosen);

(6) a discovery plan, which should set forth discovery phases, the order of discovery, and any limitations on discovery;

(7) whether trial will be by jury or to the Court and an estimated length of trial;

(8) any other issues affecting the status or management of the case; and

(9) four **proposed,** *specific* **dates** as follows:

(a) a discovery cut-off date;

    (b)    a final motion cut-off date, **which should be a Monday and will be the last day on which motions will be heard** (counsel should note that motions will need to be filed several weeks in advance of this date as required by Local Rule 7; ordinarily the motion cut-off should be approximately forty-five (45) days after the discovery cut-off);

    (c)    a date for the Pretrial Conference, **which should be a Monday**; and

    (d)    a date for trial, **which should be a Tuesday**.

A report that does not comply with Rule 26(f) and this Order may subject the party or parties responsible to sanctions under Local Rule 27. Counsel for all parties participating in the conference of parties should sign the report.

## SCHEDULING CONFERENCE AND SCHEDULING ORDER

As indicated in this Order, this case has been placed on the Court's calendar for a Scheduling Conference pursuant to Federal Rule of Civil Procedure 26(f) in this Court at 8:30 a.m. The parties shall be represented at the Scheduling Conference by the counsel expected to be in charge of conducting the trial on behalf of the parties. A continuance of the Scheduling Conference will be granted only for good cause and will not be granted if a continuance would result in the Scheduling Conference being set after the time limit for the Court to issue a Scheduling Order under Federal Rule of Civil Procedure 16(b).

The Court usually issues Scheduling Orders pursuant to Rule 16(b) at or after the Scheduling Conference.

## SETTLEMENT PROCEDURES

A settlement procedure appropriate to the particular case will be used in every civil action. *See* Local Rule 23. In their Rule 26(f) report, counsel are to recommend a specific settlement procedure provided for in Local Rule 23. Available alternatives include:

    (1)    a settlement conference before the magistrate judge assigned to this case;

    (2)    appearance before a retired judicial officer or other private or non-profit dispute resolution body for settlement or mediation proceedings (if chosen, the particular mediator selected

should be indicated);

(3)   appearance before an attorney selected from the Attorney Settlement Officer Panel;

(4)   appearance before a district judge or magistrate judge assigned to the Civil Settlement Panel; or

(5)   such other settlement mechanism proposed by the parties and approved by the Court.

The report to the Court concerning settlement procedures should be preceded by a thorough and frank discussion among the attorneys for the parties.

MOTION MATTERS

In motion matters, counsel should note the timing and service requirements of Local Rule 7 and its subparts including:

(1)   Rule 7.4 (twenty-one (21) days notice for all motions unless served by mail, in which case twenty-four (24) days is required) (notice of motion and moving papers to be filed twenty (20) days before the hearing date);

(2)   Rule 7.6 (responses to all motions fourteen (14) calendar days before the hearing date); and

(3)   Rule 7.7 (reply, if any, to all responses seven (7) calendar days before the hearing date).

Counsel must comply with the timing requirements of the Local Rules so that chambers can properly prepare for motion matters.

COURT APPEARANCES

Parties shall be represented at *all* court appearances by the counsel expected to be in charge of conducting trial on behalf of the parties.

Under no circumstances should counsel, or a party if the party is appearing *pro se*, fail to appear at a court appearance unless the appearance has been waived by prior order of the Court. Even if a settlement has been reached, counsel for all parties, or the party if appearing *pro se*, must appear at court appearances until a stipulation of dismissal signed by all parties has been lodged with the Court.

1  OTHER

2       Counsel are encouraged to file all papers directly in the Southern Division in Santa Ana. The Court
3  accepts conformed courtesy copies delivered to chambers.
4       All appropriate inquiries should be directed to Susan Sedei, Deputy Court Clerk, at (714) 338-4543.
5  Counsel should not attempt to contact chambers directly. Counsel should list their facsimile transmission
6  numbers on their papers in order to facilitate communication by the Deputy Court Clerk.
7       Plaintiff shall serve a copy of this Order on any as-yet unserved Defendants when Plaintiff serves the
8  Complaint on them.

9

10  IT IS SO ORDERED.

11  DATE: ___7-23-2001_____

12

13                                              _____
                                                 DAVID O. CARTER
14                                               United States District Judge

15

16

17  * Copies of the Local Rules may be found on the internet at <www.cacd.uscourts.gov>. Copies
    of the Local Rules may also be purchased from:
18

19  Los Angeles Daily Journal              West Publishing Company
    915 E. 1st Street                      50 W. Kellogg Blvd.
20  Los Angeles, CA 90012                  St. Paul, MN 55164-9979

21  Metropolitan News
    210 South Spring Street
22  Los Angeles, CA 90012

23

24

25

26

27

28